# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| **JOSEPH ANTHONY CLAYTON, #1188296** : | |
| : | |
| *Petitioner,* : | |
| : | |
| v. : | **Civil Action No. 2:11cv00372** |
| : | |
| **HAROLD W. CLARKE,** : | |
| **Director of the Virginia Department of** : | |
| **Corrections** : | |
| : | |
| *Respondent.* : | |

## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is time-barred, the undersigned recommends it be dismissed.

## I. STATEMENT OF THE CASE

On February 8, 2006, in the Circuit Court of Arlington County, Virginia, petitioner Joseph Anthony Clayton ("Clayton") was sentenced to a term of twenty years, eleven months after pleading guilty to several felonies. (ECF No. 14-1 at 1). Clayton did not appeal his convictions, and they became final. (ECF No. 1 at 2). However, on March 18, 2009 he filed a motion to vacate his convictions in the Arlington Circuit Court, alleging both a violation of his right to a speedy trial and ineffective assistance of counsel. (ECF No. 14-3 at 1). The court denied the motion on April 19, 2010 for lack of jurisdiction to adjudicate, finding that Clayton's motion to vacate "amount[ed] to an appeal of his convictions." (ECF No. 14-5 at 2). The court also noted Clayton's failure to file an appeal within the time limit fixed by the Rules. (ECF No.

1

14-5 at 2). The Virginia Supreme Court refused Clayton's petition for appeal on October 20, 2010. (ECF No. 14-6 at 1).

On June 27, 2011, Clayton, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). Clayton's petition raises the same two grounds for relief. He alleges that his convictions violated his right to a speedy trial, as he was held in custody for close to nine months while awaiting trial; he also raises a claim of ineffective assistance of counsel due to his attorney's alleged failure to object to the duration of his pretrial detention. (ECF No. 1 at 3). On September 28, 2011, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. (EFC Nos. 12-14). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Clayton was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. (ECF No. 15). Clayton filed no rebuttal and the time for responding has now expired. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a one-year limitation for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2254(d)(1)(A) – (D). The time period during which state post-conviction review or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2254(d)(2).

2

Clayton was sentenced on February 8, 2006, and had thirty days to note an appeal. Due to his failure to appeal, the federal limitations period for habeas relief began to run on March 10, 2006. 28 U.S.C. § 2244(d)(1)(A). Clayton's motion to vacate the convictions was not filed until March 18, 2009, more than three years later. As a result, the one-year statute of limitations had expired, and he could no longer file for federal habeas corpus relief. Respondent's Motion to Dismiss clearly asserted Clayton's petition was time-barred. Clayton could have disputed the court's reliance on the statute of limitations in the case of any circumstances which might render it inapplicable. He filed no response.

In his petition, Clayton asserts that he was unaware of the violation of his right to a speedy trial until after the statute of limitations had run. Although not expressly presented, any argument that the statute of limitations should have been tolled until Clayton became cognizant of his right to a speedy trial would fail under 28 U.S.C. § 2244(d)(1)(D). This provision states that the one-year statute of limitations begins upon the date on which Clayton could have, through the exercise of due diligence, discovered the factual predicate underlying his claim. In this case defense requests to continue caused his extended pretrial detention. (ECF No. 14-7 at 1). However, even if this amounted to a factual predicate, Clayton's claim would nonetheless be time-barred under 28 U.S.C. § 2244(d)(1)(D). Through due diligence, Clayton could have discovered any potential basis for relief within the year following his conviction. Additionally, despite Clayton's professed unfamiliarity with the right to a speedy trial, his initial plea agreement included an express waiver of his "right to a speedy and public trial." (EFC No. 14-2 at 2). Thus, there is no factual predicate for Clayton's claims, and as the statute of limitations for a federal habeas petition expired on March 10, 2007, Clayton's petition is time-barred.

Finally, Clayton's petition presents no argument for equitable tolling of the limitations period and the Court's own review of the record discloses no basis for equitable tolling.

### III. RECOMMENDATION

Because Clayton's federal petition for habeas relief was not filed within the time delineated by 28 U.S.C. § 2244(d)(1), the undersigned recommends that the petition be dismissed with prejudice as barred by the statute of limitations, and respondent's Motion to Dismiss be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 6, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Joseph Anthony Clayton, #1188296
Bland Correctional Center
256 Bland Farm Road
Bland, VA 24315-9615

Susan M. Harris
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

                                                Fernando Galindo,
                                                Clerk of Court

By: _____
      Deputy Clerk

      _____, 2012